■ MARYANN CHARLAP, Respondent-Appellant, v BDO SIEDMAN et al., Appellants-Respondents. [674 NYS2d 333] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered October 10, 1996, which, after a trial by jury, awarded

plaintiff Estate a total amount of $426,823.56, inclusive of interest and costs, unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

In this action for accounting malpractice, plaintiff alleged that defendants caused the imposition of gift tax liability by failing to advise the decedent of the necessity of filing gift-tax returns with a Q-TIP inter vivos trust election, which would have obviated any gift tax. However, the Internal Revenue Service (IRS) in its audit report did not assess gift taxes or any penalty for failure to file gift-tax returns. Instead, the IRS examiner found an "estate tax" due of $900,000, which the Estate paid. The Estate amended its complaint to allege that the "estate tax" of $900,000 was actually a settlement of a "gift tax" of some $4 million due. However, there was no pre-trial disclosure or testimony at trial by this IRS examiner. The only evidence to this effect was the testimony given by the Estate's lawyer and accountant, who speculated as to what the IRS examiner really had in mind when assessing the estate tax. Without this hearsay and speculation, there was no link between the claimed conduct of defendants and the damages that were incurred by the Estate. Accordingly, since there was no showing that defendants' conduct (assuming it to have been negligent) was the proximate cause of plaintiff's injury, the complaint should have been dismissed before submission to the jury. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.